**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD GAYER,

      Plaintiff - Appellant,

  v.

INTERNAL REVENUE SERVICE,

      Defendant - Appellee.

No. 08-17122

D.C. No. 2:08-cv-00799-NVW

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted January 11, 2010 [**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Richard Gayer appeals pro se from the district court's judgment dismissing

for lack of standing his action seeking to revoke the tax exempt status of his

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LS/Research

neighborhood association.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo, *Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007), and we affirm.

The district court properly concluded that Gayer lacked standing to challenge the association's tax exempt status because he failed to show an injury in fact, that the tax exempt status caused the alleged injury, and that a favorable decision revoking the tax exempt status would likely redress the alleged injury. *See DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1038 (9th Cir. 2006) (stating the three requirements for constitutional standing); *see also Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (requiring the plaintiff to have suffered an injury in fact, which is an invasion of a legally protected interest).

Contrary to Gayer's contention, the Administrative Procedure Act ("APA") does not establish standing to bring this action.  *See DBSI/TRI IV Ltd. P'ship*, 465 F.3d at 1038 (explaining that to establish standing to sue under the APA, a party must first meet constitutional standing requirements and also show that the injury falls within the zone of interests of the statute).

Moreover, the district court's decision to dismiss the action without leave to amend was proper.  *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam) (affirming dismissal without

leave to amend where plaintiff's proposed amendments would fail to cure deficiencies and amendment would be futile).

**AFFIRMED.**